# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEFFREY C.[1],** | Case No. 3:22-cv-79-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, | |
| Defendant. | |

Bruce Brewer, P.O. Box 421 West Linn, OR 97068. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Heidi L. Triesch, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Jeffrey C. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration (Commissioner) denying Plaintiff's application for disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

insurance benefits (DIB). For the following reasons, the Court reverses the Commissioner's

decision and remands this case for immediate calculation and payment of benefits.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper

legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means

"more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec.*

*Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039

(9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must

uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a

rational reading of the record, and this Court may not substitute its judgment for that of the

Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th

Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm

simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625,

630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)

(quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a

ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A.  Plaintiff's Application

Plaintiff applied for DIB on January 7, 2013, alleging a disability onset date of March 15,

2007. AR 68. Plaintiff's date of birth is March 26, 1963, and he was 43 years old as of the

alleged disability onset date. AR 68. The agency denied Plaintiff's claims both initially and upon reconsideration, and Plaintiff requested a hearing. AR 76, 93, 105. Plaintiff appeared before an Administrative Law Judge (ALJ) for a hearing on March 13, 2015. AR 34. On April 3, 2015, ALJ S. Andrew Grace issued a decision denying Plaintiff's claim for benefits. AR 13-28. Plaintiff requested review of the ALJ's decision, which the Appeals Council denied. AR 1, 12. The ALJ's decision thus became the final decision of the Commissioner and Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g). Plaintiff's case was reviewed by U.S. District Court Judge Michael McShane and, on April 10, 2018, he reversed the Commissioner's decision and remanded for further proceedings. AR 1621-39.

On January 29, 2019, Plaintiff received another hearing and ALJ Vadim Mozyrsky issued an opinion denying Plaintiff's claim on March 21, 2019. AR 1555-70. On September 26, 2019, the Appeals Council denied review. AR 1549. Plaintiff again appealed his case and U.S. District Judge Jolie Russo, by stipulation of the parties, on December 1, 2020 reversed and remanded the ALJ's decision for further proceedings. AR 2243-48. On this second remand, ALJ Mozyrsky (the ALJ) again denied Plaintiff's claim, for a third denial by the Commissioner. AR 2143-61. Plaintiff seeks judicial review of this decision for the third time pursuant to 42 U.S.C. § 405(g).

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential

process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R.
    §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving
    significant mental or physical duties done or intended to be done for pay
    or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing
    such work, she is not disabled within the meaning of the Act. 20 C.F.R.
    §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing
    substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's
    regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An
    impairment or combination of impairments is "severe" if it significantly
    limits the claimant's physical or mental ability to do basic work activities.
    20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death,
    this impairment must have lasted or be expected to last for a continuous
    period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the
    claimant does not have a severe impairment, the analysis ends. 20 C.F.R.
    §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe
    impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the
    impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
    then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii),
    416.920(a)(4)(iii). If the impairment does not meet or equal one or more of
    the listed impairments, the analysis continues. At that point, the ALJ must
    evaluate medical and other relevant evidence to assess and determine the
    claimant's "residual functional capacity" (RFC). This is an assessment of
    work-related activities that the claimant may still perform on a regular and
    continuing basis, despite any limitations imposed by his or her
    impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e),
    416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis
    proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC
    assessment? If so, then the claimant is not disabled. 20 C.F.R.
    §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform
    his or her past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience,
    is the claimant able to make an adjustment to other work that exists in

> significant numbers in the national economy? If so, then the claimant is
> not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v),
> 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or
> she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

As a preliminary step, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2012. AR 2148. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) since his alleged onset date of March 15, 2007. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, rheumatoid arthritis, chronic pancreatitis, and gouty arthritis. AR 2149. At step three, the ALJ determined that none of the impairments, either individually or in combination, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

The ALJ next determined Plaintiff's RFC and found that Plaintiff could perform light work as defined in 20 CFR 404.1567(b) except he could lift objects weighing 20 pounds occasionally and 10 pounds frequently, could sit for six hours in an eight-hour day, and could stand and walk for two hours total in an eight-hour day. AR 2152. Further, the ALJ found that

Plaintiff could never climb ladders or scaffolds, and could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, with no concentrated exposure to hazards such as unprotected heights, moving mechanical parts, or operating a motor vehicle. *Id.* Based on the limitations in Plaintiff's RFC, at step four the ALJ found that Plaintiff could not perform any past relevant work. AR 2159.

At step five, relying on testimony of a vocational expert, and considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy. These jobs included Storage Facility Rental Clerk (65,000 jobs in the national economy), Assembler Electronic Accessories (15,000 jobs in the national economy), Small Parts Assembler (25,000 jobs in the national economy), Document Preparer (19,000 jobs in the national economy), Cutter/Paster Press Clippings (12,000 jobs in the national economy), and Polisher Eyeglass Frames (6,000 jobs in the national economy). AR 2160. The ALJ thus concluded that Plaintiff was not disabled. AR 2161.

## DISCUSSION

Plaintiff argues that the ALJ erred by improperly discounting Plaintiff's subjective symptom testimony and improperly evaluating the medical opinion of Plaintiff's treating physician Dr. Todd Gillingham. The Government does not dispute any of Plaintiff's alleged errors or defend the ALJ's opinion. The Government argues only that the Court should remand for further proceedings.

The Government does not expressly concede any specific error, instead conceding unspecified errors.[2] The Government's failure to defend Plaintiff's allegations of error, however,

---

[2] The Commissioner states that she "denies any arguments not specifically addressed." ECF 23 at 3. The Commissioner, however, does not specifically address any of Plaintiff's arguments. Further, this conclusory statement is insufficient to preserve the Commissioner's arguments on appeal. *See Stephanie R. v. Kijakazi*, 2022 WL 959222, at *3 (D. Or. Mar. 30,

is a concession of those alleged errors. *See, e.g.*, *Virginia J. v. Kijakazi*, 2023 WL 2387511, at *8 (D. Or. Mar. 7, 2023) ("The Commissioner does not expressly concede that FNP Marcucilli's statement described Plaintiff's impairments and treatment from the period at issue. The Commissioner, however, did not defend the Appeals Council's reason or respond to Plaintiff's arguments challenging this reason. Accordingly, the Commissioner has waived any argument that the Appeals Council provided for not considering FNP Marcucilli's statement."); *Megan S. v. Berryhill*, 2019 WL 1919169, at *5 (D. Or. Apr. 30, 2019) (finding that the Commissioner "has waived any argument that the ALJ provided a clear and convincing reason other than Plaintiff's purported improvement" by failing to respond to Plaintiff's arguments other than generally to assert "harmless error"); *Alesia v. Berryhill*, 2018 WL 3920534, at *7 (N.D. Ill. Aug. 16, 2018) (finding that the Commissioner's "conclusory assertion and overly broad evidentiary citation" is not a sufficient argument and thus waives any argument that the ALJ's conclusion was legally sufficient); *Kelly v. Colvin*, 2015 WL 4730119, at *5 (N.D. Ill. Aug. 10, 2015) (finding that the Commissioner's failure to defend the ALJ's assessment on certain grounds waived those issues). In evaluating whether to remand for benefits or further proceedings, the Court evaluates the evidence accepting that the ALJ made the errors alleged by Plaintiff.

---

2022) ("The Commissioner only noted that it 'does not concede' that the ALJ improperly discredited Plaintiff's symptom testimony. The Commissioner offered no argument in support other than the general conclusory statement that the ALJ relied on evidence that showed Plaintiff was not as limited. Accordingly, the Commissioner has waived any argument that the ALJ provided adequate reasons to discount Plaintiff's symptom testimony." (quotation marks and citation omitted)); *cf. United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) ("Generally, an appellee waives any argument it fails to raise in its answering brief."); *United States v. McEnry*, 659 F.3d 893, 902 (9th Cir. 2011) (concluding that the government waived an argument by failing to raise it in its answering brief).

**A. Standards in Considering Remand for Benefits or Proceedings**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

**B. Analysis**

Because the Commissioner concedes that the ALJ committed harmful error in his evaluation of Plaintiff's testimony, the medical evidence, and the medical opinions of treating

physician Dr. Gillingham, remand is appropriate. For the reasons described below, the record is fully developed, and no ambiguities exist requiring further administrative development.

Plaintiff's function report describes someone who functions at a minimal level. He explains that his wife takes their kids to anything lasting at least an hour because Plaintiff is unable to sit for that long, his wife helps prepare meals and clean dishes, his daily tasks are more time consuming due to his limitations, he can take two hours to prepare a meal, and he needs reminders for simple grooming tasks such as brushing his teeth. AR 208-09. At the administrative hearing, Plaintiff also testified that he has difficulty going up and down stairs without help, his wife shoulders the majority of the responsibility of watching their kids when they get home from school, and his kids have taken on responsibilities that used to be his, such as mowing the lawn. AR 54-56. Plaintiff further testified he tried to take on most of the housework but his back pain got "progressively worse where I couldn't do it." AR 56-57. Plaintiff also testified that while on opiates, because of the way they affect him, he can't drive when taking them and that they make him tired and slow his reactions. AR 59.

Plaintiff's aggressive treatment history also demonstrates his severe limitations. Plaintiff has had multiple back surgeries and a neurostimulator device implanted. He has also had many rounds of physical therapy, spinal injections, and constant use of medications, including narcotics.

The evidence from Dr. Gillingham, Plaintiff's treating physician, also shows Plaintiff's limitations. Dr. Gillingham began treating the Plaintiff as his primary care physician in 2001, and continued throughout, and after, the date last insured of December 31, 2012. AR 1544. In 2015, Dr. Gillingham expressed that because of Plaintiff's chronic back pain, and the cocktail of pain medications he was on, Plaintiff would be absent from a job for at least 16 hours (the equivalent

of two full workdays) per month, could not push/pull/lift/carry, would not be able to concentrate enough to do simple tasks, and would need to change positions often throughout the day because he can only sit, stand, or walk for about one hour at a time. AR 1544-47. Dr. Gillingham first described Plaintiff's clinical signs and symptoms and then translated them into what Plaintiff "[could] still do despite impairment(s) and [his] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (defining medical source opinion). Dr. Gillingham then reinforced his assessment based on "imaging studies, operative notes, [and] evaluations by specialists." AR 1546.

Dr. Gillingham based his assessment of Plaintiff's functional limitations on the medical opinions of the specialists treating Plaintiff. AR 1546. In order to determine whether Dr. Gillingham's opinion is well founded, this Court must look at the medical evidence in the record that the ALJ has classified as only "modest" findings. AR 2155-58. An independent review of the record does not support the ALJ's assessment.

The ALJ noted tests showing the Plaintiff has 5/5 strength in his extremities, can heel and toe walk, sensation is grossly intact, generally normal gait, and is neurologically intact. AR 2154-56 (citing AR 260-63, 293, 309, 366, 373, 391-93). Given that a majority of back pain with radiculopathy cases like Plaintiff's do not show up on tests or scans, as pointed out by Dr. Michael Sandquist and not contradicted by any other physician, AR 376, it is unclear what objective use these tests have or how they contradict Plaintiff's level of back pain. Considering Plaintiff has had no less than five back surgeries, a neurostimulator implanted, steroid injections, multiple rounds of physical therapy, and still requires a cocktail of pain medications, the medical record supports the limitations opined by Dr. Gillingham. *See*, e.g., AR 297 (emergency room visit in August 2010 for back pain post February 2010 surgery); 317 (preoperative report for

PAGE 10 – OPINION AND ORDER

February 2019 surgery noting prior two surgeries "did not result in relief"); 326 (post

August 2009 surgery, "continues to have back pain … essentially the same as it was" prior to

surgery with "quite marked degenerative changes at L5 out of proportion to his other levels");

346 (steroid shots "did not provide sustained relief" and surgery is "probably the best option for

trying to treat his pain"); 358 (relief of leg pain, but "back is his limiting factor now"); 364 (leg

pain had subsided, but back pain worse "than it was preoperatively").

Dr. Gillingham also provided an assessment of Plaintiff's mental functions in relation to

his ability to sustain continuous, full-time work while on his pain medications. According to

Dr. Gillingham, the cocktail of pain medications the Plaintiff is on, which includes narcotics,

would not allow him to function in the workplace. AR 1547. The effects of narcotics are widely

known and accepted, and the side effects the Plaintiff suffers are noted in both his function report

and in his testimony. AR 57, 59, 213.

The vocational expert's testimony further demonstrates that Plaintiff is unable to engage

in any employment. The vocational expert testified that a person who will miss two to three days

of work per month renders the person unemployable. AR 64-65. Plaintiff's testimony and

Dr. Gillingham's opinion shows that Plaintiff would miss at least two days of work per month.

The testimony from non-examining physician Dr. Steven Goldstein does not create an

ambiguity requiring remand for further proceedings. Dr. Goldstein was brought in to provide

medical expert testimony at Plaintiff's third administrative hearing on June 3, 2021. AR 2188.

Dr. Goldstein testified that Plaintiff suffers from chronic pancreatitis, low sodium, fatty liver,

degenerative disc disease, chronic opioid use, and possibly alcoholism. AR 2192-93.

Dr. Goldstein also testified that these would reduce Plaintiff to sedentary level of activity, that a

seated person "might" be able to push and pull 10 pounds frequently and 20 pounds occasionally,

sitting up to six hours of an eight-hour day, and standing and walking up to two hours of an eight-hour day. AR 2193-94. Dr. Goldstein also testified that Plaintiff's neurostimulator did not change his functional capacity before or after 2010. AR 2195-96. Dr. Goldstein also stated that he believes most of Plaintiff's problems are related to his chronic pain medication and not his degenerative disc disease. AR 2197. Dr. Goldstein followed this by stating that Plaintiff could be less than sedentary, but that "looking at the objective impairments" he believes Plaintiff "would be able to function [as sedentary or possibly a little more than sedentary] if he was conditioned enough to do that." AR 2197.

The ALJ afforded Dr. Goldstein greater weight than Dr. Gillingham because the ALJ considered Dr. Goldstein's opinion more consistent with Plaintiff's treatment history. As addressed above, however, the ALJ's assessment of Plaintiff's treatment as "modest" is unfounded. The ALJ also relied on Dr. Goldstein's statement in response to Plaintiff's attorney that it would not be "*un*reasonable" for Plaintiff to need extra breaks. AR 2157 (emphasis original). The ALJ misstates this opinion. Dr. Goldstein did not state it would be unreasonable, but that it would be *reasonable* for Plaintiff to need extra breaks. The ALJ also ignored Dr. Goldstein's next statement, which was that Plaintiff could be less than sedentary, and that if conditioned it is possible Plaintiff's functional capacity could be sedentary or a little more than sedentary. AR 2197.

The Commissioner argues that the record contains conflicting medical opinions and thus must be remanded for further proceedings. But social security records routinely contain conflicting medical opinions—that is not the dispositive question in the credit-as-true analysis. The record does not contain any ambiguities, gaps, or unresolved conflicts. It has been fully developed throughout three separate administrative proceedings.

Further, district courts have regularly held that there is no useful purpose in remanding for further proceedings when the Commissioner has had repeated opportunities and continues to make the same legal errors. *See, e.g.*, *Shawna S. v. Comm'r of Soc. Sec.*, 2023 WL 4197087, at *4 (W.D. Wash. June 27, 2023); *Shawn G. v. Kijakazi*, 2021 WL 3683878, at *5 (D. Or. Aug. 19, 2021); *Knight v. Saul*, 2020 WL 5518386, at *9 (E.D. Cal. Sept. 14, 2020). Ninth Circuit precedent also supports this approach. "Allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons," the Ninth Circuit explained, would serve no useful purpose. *Garrison*, 759 F.3d at 1021. Moreover, the Ninth Circuit has often cautioned district courts not to create an "unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *see also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that [the plaintiff] is not credible any more than [the plaintiff], had he lost, should have an opportunity for remand and further proceedings to establish his credibility."). Allowing the ALJ here to correct errors that the Commissioner already declined to correct *three previous times* would create the unfair system of which *Benecke* warns.

After three administrative hearings, the record has been fully developed. There are also no conflicts or ambiguities for the ALJ to resolve on remand. The ALJ did not reject Dr. Gillingham's medical opinion because of conflicting medical opinions, but because the ALJ found Dr. Gillingham's reasoning unsupported by substantial evidence in the record, and that reason was erroneous. The ALJ also failed to provide legally sufficient reasons supported by substantial evidence for rejecting Plaintiff's testimony. Given the substantial functional limitations in the improperly discredited evidence, crediting this evidence as true, the ALJ would

be required to find Plaintiff disabled as of the date last insured. As discussed above, Plaintiff's

functional limitations are supported by the medical evidence and opinions of record. These

limitations would preclude Plaintiff from performing substantial gainful activity. Because the

Court does not have serious doubt about whether Plaintiff is disabled, and sees no reason the

ALJ should be given a fourth chance at evaluating Plaintiff's limitations, the Court exercises its

discretion to remand this case for an award of benefits.

## CONCLUSION

The Court REVERSES the Commissioner's decision that Plaintiff was not disabled and

REMANDS this case for an immediate calculation and payment of benefits.

**IT IS SO ORDERED**.

DATED this 26th day of July, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge