IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEFFREY CLEMENS**, | Case No. 3:22-cv-79-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **MARTIN O'MALLEY**, Commissioner Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On July 26, 2023, the Court reversed the denial of Plaintiff's application for disability insurance benefits and remanded for the calculation of benefits. ECF 25. On November 6, 2023, the Court granted Plaintiff's unopposed motion for fees under the Equal Access to Justice Act (EAJA) in the amount of $9,100. ECF 32. Plaintiff's counsel now moves for attorney's fees of $59,246.50[1] pursuant to 42 U.S.C. § 406(b). ECF 34. This figure represents 25 percent of

---

[1] Plaintiff's counsel moves for § 406(b) fees in the amount of $50,146.50, because counsel deducts the fees awarded under EAJA *before* requesting § 406(b) fees. For purposes of determining the sufficiency of Plaintiff's § 406(b) fee award, however, the Court does not deduct the EAJA fee award. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012) (describing the EAJA savings provision). The EAJA fee award is separate from the § 406(b) fee award, and then EAJA fees are refunded to the Plaintiff out of § 406(b) fees or deducted from § 406(b) fees (if the § 406(b) fees are greater than the EAJA fees), but they are

PAGE 1 – ORDER

Plaintiff's $71,219 retroactive benefits less the $11,972.50 administrative fee already paid to Plaintiff's attorney. Because this Court does not take into consideration the administrative fee paid to Plaintiff's attorney in its calculation, *see Culbertson v. Berryhill*, 139 S. Ct. 517, 522-23 (2019), Plaintiff's counsel requests a fee representing 20.8% of Plaintiff's retroactive benefits.

Defendant states that the Commissioner is not a party to § 406(b) and thus neither supports nor opposes this motion. Although Defendant does not object to the proposed award, this Court must perform an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, Plaintiff's counsel's motion for fees is granted in part.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*, 535 U.S. at 793,

---

not deducted before the Court calculates, for example, whether the requested § 406(b) fees are a windfall. Thus, the Court analyzes Plaintiff's request in full and deducts the EAJA fees after determining an appropriate § 406(b) fee award.

PAGE 2 – ORDER

808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148 (emphasis in original); *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. ECF 27-2. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, the requested fee award is approximately 21 percent of the retroactive benefits and is within the statutory maximum. The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case.

Plaintiff's counsel is reputable and experienced and there were no issues with the character of the representation. Plaintiff's counsel caused a delay of four months in filing the opening brief in this case, but the Court does not find that the delay was for dilatory purposes or

was otherwise unreasonable. The Court thus finds no basis for a downward adjustment on these factors. Plaintiff's counsel also obtained a very favorable result; a remand for benefits.

The Court notes, however, that a downward adjustment is appropriate because the issues in this case were not particularly complex or unusual, and error was conceded by the Commissioner, which also may support a downward adjustment. *See Crawford*, 586 F.3d at 1153 (instructing the district court to "look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case" in assessing the reasonableness of the requested fees); *Stokes v. Comm'r of Social Sec. Admin.*, 432 F. App'x 672, 674 (9th Cir. 2011) (unpublished) (finding no error in the district court's reduction of a fee award where the proceedings were largely uncontested and the case was "relatively simple"). Plaintiff's counsel makes no arguments about the specific risks or complexities of this case. *See Rundell-Princehouse v. Astrue*, 2012 WL 7188852, at *5 (D. Or. Aug. 21, 2012) (reducing the nearly 22% requested fee award because counsel had "not met his burden of addressing the *specific* risks presented in this particular case in light of the Supreme Court's decision in *Gisbrecht* and the Ninth Circuit's opinion in *Crawford*" and that counsel had "simply neglected to explain with any specificity why the requested fee was reasonable given the facts in this case" (emphasis in original)); *Simmons v. Kijakazi*, 2023 WL 3746511, at *2 (D. Or. May 31, 2023) (reducing requested 25% fee award to approximately 18% in part because the issues were not complex and counsel failed to argue the risks and complexities of the case).

The Court also finds a basis for a downward adjustment in considering whether the fees requested are in proportion to the time spent. The Court considers the hours spent and a lodestar calculation to aid in this determination. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1148. In performing this type of review, courts typically consider counsel's non-contingent

PAGE 4 – ORDER

hourly rate, factoring in a multiplier to take into account the risk factor of a contingency case. *See, e.g.*, *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2006) (2.5 multiplier); *Ogle v. Barnhart*, 92 Soc. Sec. Rep. Serv. 938, 2003 WL 22956419 *5-6 (D. Maine 2003) (same).

In this case, counsel charged 44.4 hours, which results in a requested hourly rate of $1,334.38. Counsel offers no lodestar information for the reasonableness check, but the Court takes judicial notice of the most recent Oregon State Bar Economic Survey. The average hourly rate for attorneys in Oregon in "other" areas of private practice is $340 and in downtown Portland is $400. Even at Portland rates and with a 2.5 multiplier, $1000 would be a generous hourly rate, at 44.4 hours, for total fees of $44,400 for the lodestar crosscheck on reasonableness.

While the Ninth Circuit has discouraged a "court-wide policy" on fees in Social Security cases, "district judges can certainly consider the fees awarded by other judges in the same locality in similar cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (cleaned up). Fee awards of around a *de facto* hourly rate of $1,000, although on the high side, have been approved in this district. *See, e.g.*, *Simmons*, 2023 WL 3746511, at *3 (approving as reasonable "an effective hourly rate of $1000"); *Quinnin v. Colvin*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving as reasonable "a *de facto* hourly rate for attorney time of $1,240"); *Ali v. Comm'r*, 2013 WL 3819867, at *3 (D. Or. July 21, 2013) (approving a *de facto* hourly rate of $1,000). These cases, however, represent a lesser percentage of the claimant's back fee award. *Simmons*; 2023 WL 3746511, at *3 (reducing the requested $19,461.45 in fees, a 25% award and effective $1,400 per hour rate, to $13,900, an 18% award and effective $1000 per hour rate); *Quinnin*, 2013 WL 5786988, at *1, 4 (reducing the requested $14,500 in fees, a 22% award and effective $1,790 per hour rate, to $10,500, a 15% award and

effective $1,240 per hour rate); *Ali*, 2013 WL 3819687, at * 3 (approving a $7,000 and 14% fee award).

Given the lack of complexity of this case, that the Commissioner conceded error, and in consideration of the results of the lodestar calculation and survey of other cases in this district done in aid of assessing reasonableness, the Court finds that counsel for Plaintiff has not met his burden of showing that the requested fee award is reasonable. *See, e.g.*, *Simmons*, 2023 WL 3746511, at *3 (reducing requested 25% award of $19,461.45 to $13,900); *Griffin v. Comm'r of Soc. Sec.*, 2021 WL 5745990, at *1-3 (D. Or. Dec. 2, 2021) (reducing requested 25% award of $20,343 for 14.8 hours of work, equaling effective hourly rate of $1,375.54 to an 18% award of $14,647.14, equaling an effective hourly rate of $989.67); *Fintics*, 2013 WL 5524691, at *4-5 (finding requested fee of $15,814 on $63,256 recovery where 17.2 hours of attorney time were expended to be an unreasonable windfall; reducing the fee to $10,753.52, 17% of recovery); *Atwood v. Comm'r*, 2011 WL 6372790, at *3 (D. Or. Dec. 19, 2011) (finding requested fee of $35,651.22 on $162,051.00 recovery where 24.75 hours of attorney time and 13.7 hours of paralegal time were spent to be an unreasonable windfall; reducing the award to $27,548.67, 17% of recovery). Considering all of the relevant factors and policy considerations, the Court concludes that a reasonable fee award in this case is $44,400, approximately 15.59% of the back benefits amount. This is an effective hourly rate of $1000.

## CONCLUSION

The Court GRANTS IN PART Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b), ECF 34. Plaintiff's counsel is awarded $44,400 in § 406(b) fees, representing approximately 15.59 percent of Plaintiff's retroactive benefits recovery. The Commissioner shall deduct the $9,100 already received by counsel under the Equal Access to Justice Act, leaving a net fee award of $35,300. Any funds withheld by the Commissioner in

anticipation of an order under Section 406(b), less an administrative assessment pursuant to 42 US.C. 406(d), may be paid to Bruce Brewer, P.O. Box 421, West Linn, OR 97068, consistent with this Order.

**IT IS SO ORDERED**.

DATED this 25th day of March, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge